UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS SERGIO BURGESS,

Petitioner,

-vs-                                                          Case No. 8:16-cv-698-T-02CPT

SECRETARY, DEPARTMENT
OF CORRECTIONS,

Respondent.
_____/

## ORDER

Thomas Burgess, a Florida prisoner, initiated this action by filing a petition for habeas corpus relief pursuant to 28 U.S.C. Section 2254 (Dkt. 1). Upon consideration of the petition, the court ordered Respondent to show cause why the relief sought in the petition should not be granted (Dkt. 4). Thereafter, Respondent filed a response in opposition to the petition (Dkt. 17), to which Mr. Burgess replied (Dkt. 23).

Mr. Burgess alleges two grounds for relief:

1. Trial court violated Petitioners [sic] speedy trial rights - pursuant to Florida Rule Criminal Procedure 3.191 (Dkt. 1, docket p. 5); and

2. The trial court violated Petitioners [sic] due process rights, pursuant to the United States Constitution (Id., docket p. 7).

## I. PROCEDURAL HISTORY

Mr. Burgess was convicted by a jury of burglary of an occupied structure, petit theft, and obstructing or opposing an officer without violence (Respondent's Ex. 1, pp. 57-58). He was sentenced to 30 years in prison (Respondent's Ex. 1, p. 127; Ex. 1a, p. 237). His convictions and

sentence were affirmed on appeal (Respondent's Ex. 5).

He filed a motion for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure, alleging ineffective assistance of trial counsel (Respondent's Ex. 9). The motion was denied (Respondent's Ex. 10), and the denial affirmed on appeal (Respondent's Ex. 14). He thereafter filed his federal habeas petition in this court (Dkt. 1).

## II. GOVERNING LEGAL PRINCIPLES

Because Mr. Burgess filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

### A. Standard of Review Under the AEDPA

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## B. Exhaustion of State Remedies and Procedural Default

Before a district court can grant habeas relief to a state prisoner under § 2254, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. *See* § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). A state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003) (quoting *O'Sullivan*, 526 U.S. at 845.)

To exhaust a claim, a petitioner must make the state court aware of both the legal and factual bases for his claim. *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its' prisoners federal rights.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State. . .if he has the right under the law of the State to raise, by any available procedure, the question presented." *Pruitt*, 348 F.3d at 1358. The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief. *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).

The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court and alerts that court to the

4

federal nature of the claim. 28 *U.S.C. § 2254(b)(1); Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A petitioner may raise a federal claim in state court "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such claim on federal grounds, or simply by labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). *See also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982). The petitioner must show at least a reasonable probability of a different outcome. *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

Alternatively, a petitioner may obtain federal habeas review of a procedurally defaulted claim if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Carrier*, 477 U.S. at 495-96. A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623

(1998). To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error. *Schlup*, 513 U.S. at 327.

## III. ANALYSIS

### A. Ground One

Mr. Burgess contends that the state trial court violated his right to a speedy trial under Rule 3.191, Florida Rules of Criminal Procedure. Specifically, he argues that his right to a speedy trial was violated when the state trial court allowed the State to orally amend the Information on the first day of his trial, which was after Rule 3.191's speedy trial time limit had expired.[1]

Respondent argues that this claim does not raise a federal claim and therefore does not state a basis for habeas corpus relief (Dkt. 17, pp. 13-14). A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir.1992); *see also Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir.2005) (holding that "[i]t is a fundamental principle that state courts are the final arbiters of state law, federal habeas courts should not second-guess them"). Federal courts "must defer to a state court's interpretation of its own rules of evidence and procedure." *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir.1985) (citing *Spencer v. Texas*, 385 U.S. 648 (1967)).

The court agrees that the issue of whether the state trial court violated Florida's speedy trial rules, found in Rule 3.191, is an issue of state law. A "'violation by state officials of a state's speedy trial law, taken alone, does not present a federal claim reviewable. . .[in a] habeas petition.'"

---

[1] Rule 3.191(a), Fla.R.Crim.P., provides, in pertinent part, that "every person charged with a crime shall be brought to trial within. . .175 days of arrest if the crime charged is a felony."

*Franklin v. Florida*, 2009 WL 2386108, at * 5 (M.D.Fla. July 31, 2009) (quoting *Poe v. Caspari*, 39 F.3d 204 (8th Cir.1994)). Mr. Burgess's claim that his right to a speedy trial under Rule 3.191 was violated raises an issue of state law and therefore is not subject to federal habeas review.

To the extent that Ground One can be liberally construed to assert that the state trial court violated Mr. Burgess's Sixth Amendment right to a speedy trial,[2] Respondent contends that Mr. Burgess failed to fairly present a Sixth Amendment speedy trial claim to the state courts (Dkt. 17, pp. 11-13). Therefore, Respondent argues, the claim was not properly exhausted and is procedurally barred from federal review (Id.).

Upon review of the record, the undersigned concludes that Mr. Burgess did not alert the state courts to the presence of a federal speedy trial claim. Nowhere in his Initial Brief and Reply Brief on direct appeal did Mr. Burgess argue that his federal speedy trial rights were violated (Respondent's Exs. 2, 4). Rather, he raised his speedy trial claim purely as a state law issue (Id.). And in Ground Three of Mr. Burgess's Rule 3.850 motion, he alleged that trial counsel was ineffective in failing to file a motion to discharge on the ground that the State amended the Information after expiration of the speedy trial time period (Respondent's Ex. 9, pp. 8-9). Mr. Burgess, however, argued the speedy trial violation only in terms of state law, and only as the underlying basis for his ineffective assistance of counsel claim. He never argued a federal speedy trial claim independent of his ineffective assistance claim. Mr. Burgess therefore did not fairly present a Sixth Amendment speedy trial violation claim to the state courts.

Mr. Burgess may not now return to state court to present his federal claim, since a second

---

[2] *See Barker v. Wingo*, 407 U.S. 514, 515 (1972) (a criminal defendant has a Sixth Amendment right to a speedy trial).

7

direct appeal is not available, and a second Rule 3.850 motion would be subject to dismissal as successive under Rule 3.850(h) of the Florida Rules of Criminal Procedure. Consequently, Mr. Burgess's federal speedy trial claim is procedurally barred from federal review unless he satisfies the "cause and prejudice" or "fundamental miscarriage of justice" exception to the procedural bar.

He has not alleged cause for his failure to raise his Sixth Amendment speedy trial violation claim on direct appeal or in his Rule 3.850 motion. Moreover, he has not demonstrated that he is entitled to review under the fundamental miscarriage of justice exception, since he does not allege the existence of new evidence that establishes his actual innocence. *See Schlup*, 513 U.S. at 327. Consequently, any Sixth Amendment speedy trial violation claim is barred from federal habeas review.

Accordingly, Ground One does not warrant federal habeas relief.

**B. Ground Two**

Mr. Burgess alleges that the state trial court denied him due process when it "allowed testimony at Petitioner's trial to be introduced that an employee was the owner of the property alleged in the Information, when in fact, the property was distinctly owned by another, who did not testify." (Dkt. 1, docket p. 7). Although it is not clear, Mr. Burgess appears to be arguing that he was denied due process when the state trial court allowed testimony that an employee (Rachel Napoles)[3] was the owner of the premises which Mr. Burgess burglarized, where the Amended Information listed another (Huracan Supermarket) as the owner of the premises. To the extent this is Mr. Burgess's claim, Respondent correctly argues that it is unexhausted and procedurally barred from review (See Dkt. 17, p. 12).

---

[3]Rachel Napoles was formerly known as Rachel Reyes (Respondent's Ex. 1b, transcript p. 163, lines 1-5).

8

On direct appeal, Mr. Burgess did not argue that the trial court violated his due process rights by allowing testimony that Napoles was the owner of the premises. Rather, he argued that he was denied due process, and the trial court erred, when it allowed the State to list Napoles as the owner of the premises in the Information, and allowed the jury to find him guilty of burglary of an occupied structure "by using [Napoles] as the owner of the [sic] possessor of the premises and business. . . ." (Respondent's Ex. 4, p. 2). Because Mr. Burgess failed to raise in state court what he now presents as Ground Two in the petition, the claim is unexhausted.

Mr. Burgess may not now return to state court to present this claim, since a second direct appeal is not available, and a second Rule 3.850 motion would be subject to dismissal as successive under Rule 3.850(h) of the Florida Rules of Criminal Procedure. Consequently, Mr. Burgess's due process claim is procedurally barred from federal review unless he satisfies the "cause and prejudice" or "fundamental miscarriage of justice" exception to the procedural bar.

He has not alleged cause for his failure to raise his due process violation claim on direct appeal or in his Rule 3.850 motion. Moreover, he has not demonstrated that he is entitled to review under the fundamental miscarriage of justice exception, since he does not allege the existence of new evidence that establishes his actual innocence. *See Schlup*, 513 U.S. at 327. Consequently, any due process violation claim based on the trial court allowing certain testimony at trial is barred from federal habeas review.

Even if the claim was not procedurally barred, it would not warrant federal habeas relief. A claim that the admission of evidence in a state criminal trial failed to conform with state law requirements is not cognizable on federal habeas review. *Futch v. Dugger*, 874 F.2d 1483, 1487 (11th Cir. 1989). "The review of state court evidentiary rulings by a federal court on a petition for

9

habeas corpus is limited to a determination of whether the error, if any, was of such magnitude as to deny petitioner his right to a fair trial." *Id.* (citations and internal quotation marks omitted).

Mr. Burgess has not shown that the admission of testimony that Napoles was the owner of the premises deprived him of a fundamentally fair trial. Mr. Burgess does not identify the testimony which indicated that Napoles owned the premises, and the court cannot find any such testimony in the trial transcript (see Respondent's Ex. 1b). Accordingly, he has failed to demonstrate that he was denied due process.

Finally, to the extent Mr. Burgess's claim, liberally construed, asserts that the trial court erred in allowing the Information to identify Napoles as the owner of the premises, and the jury to find Mr. Burgess guilty of burglary by using Napoles as the owner of the premises, the claim does not warrant federal habeas relief because it is refuted by the record.[4] Neither the Information nor the Amended Information indicated that Napoles was the owner of the premises (Respondent's Ex. 1, pp. 9-14, 29-32). Rather, the Huracan Supermarket was identified as the owner of both the structure in which Mr. Burgess entered, and the money taken by him (Id., pp. 9-10, 30). And nothing in the record shows that the jury found Mr. Burgess guilty of burglary based on his entering a premises owned by Napoles. In fact, the jury was instructed, in pertinent part, that the State had to prove that Mr. Burgess "entered a structure owned by or in the possession of Huracan Supermarket." (Respondent's Ex. 1c, transcript p. 297, lines 13-18).

Mr. Burgess has failed to demonstrate that the state appellate court's decision is contrary to, or an unreasonable application of, clearly established Federal law, or is based on an unreasonable

---

[4] This is the claim Petitioner raised in state court in Issue One of his Reply Brief on direct appeal (see Respondent's Ex. 4, pp. 2-3).

determination of the facts. Accordingly, Ground Two does not warrant federal habeas relief.

Any of Mr. Burgess's allegations not specifically addressed herein are without merit.

It is therefore **ORDERED AND ADJUDGED** that:

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED**. The **Clerk** shall enter judgment accordingly and close this case.

2. A Certificate of Appealability (COA) is **DENIED** in this case because Mr. Burgess cannot make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And because Mr. Burgess is not entitled to a COA, he is not entitled to proceed on appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida on 12/27, 2018.

WILLIAM F. JUNG
United States District Judge

SA: sfc
Copies to: Petitioner *pro se*; Counsel of Record